In re Carl H. NEUMAN, Debtor.

James L. GARRITY, as Trustee of Carl H. Neuman, Petitioner-Appellee,

v.

Edward LEFFLER and Carl H. Neuman, Respondent-Appellant.

Nos. 86 Civ. 8671 (RWS), 86 Civ. 7915 (RWS), 86 Civ. 7920 (RWS) and 86 Civ. 7921 (RWS).

United States District Court, S.D. New York.

March 18, 1987.

Garrity, Connolly, Lewis, Lowry, Grimes & Silverman, New York City, for petitioner-appellee James L. Garrity; Paul H. Silverman, Robert C. Reichelscheimer, of counsel.

Rudolph W. Giuliani, U.S. Atty. for S.D. N.Y., New York City, for U.S. Dept. of Health & Human Services; Nancy Kilson, Asst. U.S. Atty.

Lola S. Lee, P.C., New York City, for respondent-appellant Carl H. Neuman.

## OPINION

SWEET, District Judge.

In these related bankruptcy appeals, Carl H. Neuman ("Neuman") has moved by letter and Order to Show Cause for reconsideration of that part of this court's November 6, 1986 opinion, 67 B.R. 99, remanding the appeals from the August 22, 1986 order of the Bankruptcy Court. Chapter 11 Trustee James L. Garrity ("Garrity") has moved to dismiss the appeal from the October 2, 1986 order of the Bankruptcy Court (entered October 6), 86 Civ. 8671, for lack of jurisdiction pursuant to Federal Rules of Bankruptcy Procedure, 8001 and 8011. The pending appeal from the October 2 order has been fully briefed and argued. For the reasons stated below, the October 2 order of the Bankruptcy Court is affirmed, and upon reconsideration the provisions of the November 6 opinion of this court will remain unaltered.

**Prior Proceedings**

On December 11, 1984, Neuman filed a petition under Chapter 11 of the Bankruptcy Code. Prior to that time, in the late 1960's and during the 1970's, Neuman had created several health care institutions, among them The Sarah R. Neuman Nursing Home ("SRN"). Although Neuman held the operating certificate, Edward Leffler ("Leffler") was the executive director of SRN in charge of the day-to-day operations. On September 23, 1984, Neuman and Leffler executed a contract of sale for SRN which provided for an immediate transfer of title and stated that if approval for the issuance of a new operating certificate to Leffler were not obtained by September 30, 1986, the agreement would terminate. Leffler continued in charge of the day-to-day operations of SRN.

After various proceedings before the Bankruptcy Court, the court appointed Garrity as Chapter 11 Trustee on March 18, 1986. On August 20, Garrity obtained an *ex parte* order from the Bankruptcy Court granting him control of the operations of SRN, based in part upon a letter from the New York State Department of Health (the "Department of Health"), obtained *ex parte*, stating that his status as trustee would permit him to act as receiver pursuant to New York Public Health Law § 2810. After a hearing on August 22, the Bankruptcy Court partially vacated that order and, in recognition of Leffler's rights as contract vendee, directed that Garrity and Leffler share joint control of SRN and

reserved operational responsibilities to Leffler. Garrity appealed from the August 22 order, *see* 86 Civ. 7915, and Leffler and Neuman cross-appealed, *see* 86 Civ. 7920; 86 Civ. 7921. Neuman subsequently commenced an action against Garrity and the Department of Health in the Supreme Court, County of Albany, for a determination of his rights under the operating certificate.

The state court complaint requested that the court enter judgment "(a) determining that whatever authority has heretofore been granted by the Department [of Health of the State of New York] to Garrity to act as receiver or operator of [SRN] or to perform the duties of operator or receiver with respect to [SRN] is null and void; (b) enjoining Garrity and those acting in concert with him, preliminarily during the pendency of this action and thereafter permanently, from acting as receiver or from performing any duties of receiver or operator." On September 9, Neuman brought an Order to Show Cause in the state court echoing that request for relief. On September 11, Garrity moved in the Bankruptcy Court for an order holding Neuman and Leffler in contempt for commencing the state court action in violation of the automatic stay in effect pursuant to the Bankruptcy Code, 11 U.S.C. § 362.

On October 2, the Bankruptcy Court enjoined Neuman and Leffler from prosecuting the state court action and from "commencing or continuing in a forum other than this Bankruptcy Court ... anything which requires, either directly or indirectly, a finding as to what is property of the estate ... including but not exclusively, the issue as to whether a State Health Operating Certificate is property of the estate." It explicitly found that this state proceeding "involve[d] a finding as to what is property of the estate."

Based on the expiration of Leffler's contract on September 30, 1986, and Leffler's resulting loss of possessory and managerial rights with respect to SRN, the Bankruptcy Court on October 20 ordered that Leffler relinquish control of the operations of SRN and that Garrity "take sole possession and control of SRN and its operations...." On October 27, Neuman petitioned this court by order to show cause to stay enforcement of the October 20 order pending appeal to this court from that order.

That motion and the appeals from the August 22 order resulted in this court's opinion of November 6. By that opinion, the appeal from the October 20 order was dismissed on the basis that the Bankruptcy Court lacked jurisdiction to issue it in view of the pending appeal. That part of the August 22 order granting Leffler joint control and operational responsibilities of SRN was vacated on the basis that Leffler's contract rights had expired, and the appeals from the August 22 order were remanded to the Bankruptcy Court to determine whether Garrity is authorized under New York Public Health Law § 2810 to operate SRN and whether Neuman has any continuing rights as the holder of the operating certificate for SRN. By letter dated November 24, counsel to Neuman requested that this court reconsider its decision to remand these issues to the Bankruptcy Court for resolution, contending that that court had already decided the issues in connection with its order of October 2 staying Neuman's state court action.

Neuman repeated his request to reconsider the November 6 opinion by order to show cause made returnable on December 12. Argument was heard on that date. Garrity then moved to dismiss the appeal from the Bankruptcy Court's October 2 order, and all parties filed briefs on the appeal from the October 2 order. On January 23, argument was heard on all issues.

**The Appeal from the October 2 Order**

The parties have starkly differing views on how to characterize the appeal from the October 2 order. The Bankruptcy Court, in this 2–page order, enjoined Neuman and Leffler from prosecuting the pending state court action and from commencing in a forum other than the Bankruptcy Court any other case requiring a finding as to what is property of the estate. Neuman argues that this order necessarily held that

the operating certificate was property of the estate and seeks to appeal that finding.

In support of this characterization, Neuman cites from the transcript of the hearing on September 19 in connection with Garrity's motion for contempt, in which the Bankruptcy Court noted that the operating license is most likely property of the estate. According to Neuman, if the operating license is not "property of the estate," but personal to Neuman as a state-granted right, then not only does the automatic stay provision of the code, 11 U.S.C. § 362(a)(3)[1] not apply, but the Bankruptcy Court also had no jurisdiction to enjoin a state court action requesting a determination concerning the operating certificate. Therefore, according to Neuman, reversal of the Bankruptcy Court's determination that the certificate is property of the estate would call for reversal of the order.

■ It is true that the automatic stay created by § 362, under these facts, will only apply to the state court action if the suit for a determination of Neuman's rights under the operating certificate is an "act to obtain possession of property of the estate or of property from the estate," 11 U.S.C. § 362(a)(3), that is, if the operating certificate is "property of the estate." If the license is not property of the estate, then Neuman cannot be held in contempt of the automatic stay for bringing the state court action.[2] This conclusion, however, does not require reversal of the October 2 order enjoining the state court action. The fact that the automatic stay may not apply does not mean that the Bankruptcy Court is without power to issue an injunction.

Under 11 U.S.C. § 105, the Bankruptcy Court has broad power to issue injunctions, notwithstanding the inapplicability of the automatic stay provisions. 11 U.S.C. § 105(a) authorizes the Bankruptcy Court to "issue any order ... necessary or appropriate to carry out the provisions of this title." The Bankruptcy Court has authori-

ty under § 105(a) broader than that under the automatic stay provision, § 362, and "may use its equitable powers to assure the orderly conduct of the reorganization proceedings." *In re Baldwin-United Corp. Litigation*, 765 F.2d 343, 348 (2d Cir.1985) (citing *Johns-Manville Corp. v. Asbestos Litigation Group (In re Johns-Manville Corp.)*, 40 B.R. 219 (S.D.N.Y. 1984); 2 Collier on Bankruptcy ¶ 105.02 (15th ed. Supp.1986)).

■ Under most circumstances, a federal court has no power to enjoin state court proceedings. The Anti-Injunction Act, 28 U.S.C. § 2283, provides:

A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Section 105 of the Bankruptcy Code, however, is an "expressly authorized" exception to the statute. *See* S.Rep. No. 95–989, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5815; 2 Collier on Bankruptcy ¶ 105.02 (15th ed. Supp.1986). It authorizes the Bankruptcy Court to stay proceedings in state court, *see* H.R.Rep. No. 595, 95th Cong., 1st Sess. 316 (1977), and is "in no way circumscribed by possession or custody of a *res*." 2 Collier on Bankruptcy ¶ 105.02 at 105–3 (15th ed. Supp.1986). Rather,

The basic purpose of the section is to enable the court to do whatever is necessary to aid its jurisdiction, *i.e.*, anything arising in or relating to a bankruptcy case.

*Id.* Since injunctions in bankruptcy cases are authorized by statute, the usual equitable grounds for relief, such as irreparable damage, need not be shown. *See Henderson v. Burd*, 133 F.2d 515, 517 (2d Cir.1943).

Section 105(a) contemplates injunctive relief in "precisely those instances where par-

---

1. 11 U.S.C. § 362(a)(3) provides that "... a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate."

2. Although Neuman might alternatively be held in contempt for violating the August 22 order, that is not at present before this court.

ties are attempting to obstruct the reorganization." *In re Johns-Manville Corp.*, 52 B.R. 879 (Bankr.S.D.N.Y.1985) (citing *In re Davis*, 730 F.2d 176, 183–84 (5th Cir.1984)), *aff'd*, 60 B.R. 842 (S.D.N.Y.), *rev'd on other grounds*, 801 F.2d 60 (2d Cir.1986). While 28 U.S.C. § 959(a) explicitly permits suits against trustees with respect to their acts in carrying on business connected with the property of the estate, it states that "[s]uch actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice...." Injunctions against state court actions are proper if the Bankruptcy Court "finds that the action would embarass, burden, delay or otherwise impede the reorganization proceedings." *Jaytee-Penndel Co. v. Bloor (Matter of Investors Funding Corp.)*, 547 F.2d 13, 16 (2d Cir. 1976) (citing *Diners Club, Inc. v. Bumb*, 421 F.2d 396, 400–01 (9th Cir.1970)).

■ The Bankruptcy Court should generally "make specific, sequential findings" of the burden on the administration of the estate before enjoining a state suit against a trustee. *Jaytee-Penndel, supra*, 547 F.2d at 16. Although the Bankruptcy Court did not do so here, the very nature of the state court action requires affirmance of its order. *See id.*

■ Under the August 22 order, as modified by this court's November 6 opinion, Garrity now has operational control of SRN. The state court action is an attempt to directly interfere with that control, for it seeks a determination from the Department of Health that Garrity may not act as receiver or operator under New York State law. While the implications of a determination are not at all clear, it cannot be ruled out that such a determination, despite the supremacy clause, could affect Garrity's status as operator of SRN under federal law as well as state law. A state court order affecting Garrity's status could throw the practical operation of SRN into disarray, even if only temporarily. The Bankruptcy Court has the power to avoid that result by issuing an injunction, especially one tailored to prevent only actions in

other forums, permitting such a motion in the Bankruptcy Court itself.

■ Neuman has pointed to an explicit exception to the automatic stay provision, arguing that the state court action falls within that section and should therefore not be stayed. Section 362(b)(4) provides that the filing of a bankruptcy petition does not operate as a stay of the commencement of an action by a governmental unit against the debtor to enforce the unit's police or regulatory power. Even if this section does apply to Neuman's state court action against Garrity and the Department of Health, the Bankruptcy Court's broader equitable powers under § 105 permit it to enjoin the state proceeding. The effect of an exemption under § 362(b) is "not to make the action immune from injunction." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 342 (1977), *reprinted in* U.S.Code Cong. & Ad.News 6298; *see In re Thomassen*, 15 B.R. 907, 910 (9th Cir.1981); *In re Mason*, 18 B.R. 817 (Bankr.W.D.Tenn.1982) (state enjoined under § 105 from revoking a retail liquor license).

If the state court action were the substantive equivalent of an action by the Department of Health to enforce its regulatory power against the trustee, an argument that it should not be stayed would have more force. The Department of Health, however, is not seeking to alter the control or operations of SRN for purposes of protecting the health, safety and welfare of patients in SRN. Instead, the Department of Health, in its discretion, has recognized Garrity as a receiver under N.Y.Public Health Law § 2810, and has given the estate a right to operate SRN, whatever effect such action may have on Neuman's operating certificate.

■ Neuman has suggested that if the operating license is not property of the debtor, then the Bankruptcy Court lacks jurisdiction to issue an injunction. However, 28 U.S.C. § 157(b)(1) provides that bankruptcy jurisdiction includes "all core proceedings arising under title 11." The Second Circuit has held that a proceeding brought under § 105 to enjoin a state court action is a core proceeding. *See Manville*

*Corp. v. Equity Security Holders Committee (In re Johns-Manville Corp.),* 801 F.2d 60, 63–64 (2d Cir.1986); *see also In re HBG Servicenter, Inc.,* 45 B.R. 668, 671 (Bankr.E.D.N.Y.1985); *In re Lion Capital Group,* 46 B.R. 850, 854–55 (Bankr.S.D.N. Y.1985). Absent bankruptcy, such a motion could not have been brought and thus is properly characterized as a core proceeding. *See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *In re Lafayette Radio Electronics Corp.,* 761 F.2d 84, 89 (2d Cir.1985); 1 Collier on Bankruptcy ¶ 3.10[2][b][iii] at 3–35 (15th ed. Supp.1986). Further, because the request for a stay seeks to preserve the status of Garrity as operator of SRN, the proceeding encompasses "matters concerning the administration of the estate," an explicit example of a core proceeding under 28 U.S.C. § 157(b)(2)(A). *See Manville Corp. v. Equity Security Holders Committee (In re Johns-Manville Corp.),* 801 F.2d 60, 64 (2d Cir.1986). Thus, whether or not the operating license is property of the estate, the Bankruptcy Court has jurisdiction to enjoin the state court action.[3]

■ Even though the Bankruptcy Court may enjoin the state court action on the grounds that it interferes with the reorganization proceedings, the court also has the power to issue such an injunction on the grounds that the Bankruptcy Court, rather than another court, should be the forum to decide whether an asset is property of the estate. The Bankruptcy Court stayed not only actions concerning whether the operating certificate is property of the estate but actions in other forums concerning any finding as to what is property of the estate.

Whether the Bankruptcy Court or some other court should determine the applicability of an automatic stay in the first instance is an issue that the Second Circuit has addressed, although in a different procedural setting. In *In re Baldwin-United Corp. Litigation,* 765 F.2d 343 (2d Cir. 1985), the debtor in Chapter 11 reorganiza-

tion proceedings in the Bankruptcy Court in the Southern District of Ohio was impleaded by a defendant in a securities fraud case pending in the Southern District of New York. The New York district court issued a preliminary injunction barring the debtor from applying to the bankruptcy court for a determination of whether the district court action was subject to the automatic stay. The issue on appeal, then, was whether the Bankruptcy Court in Ohio or the district court in New York ought to be the first court to determine whether the automatic stay applies to certain claims against the debtor. *See id.* at 345.

The Second Circuit held that although the district court had jurisdiction to determine the applicability of the automatic stay, the issuance of an injunction to prevent the Bankruptcy Court from deciding the issue was a misuse of its equitable power. *See id.* at 347. It based its holding on the improper interference with the reorganization proceedings, in particular with the Bankruptcy Court's power to "issue any order ... that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code, 11 U.S.C. § 105(a), and on the impropriety of preventing the Bankruptcy Court from construing its automatic stay. *See id.* at 348.

Although the present case involves the equitable powers of the Bankruptcy Court rather than the district court and the broader issue of "property of the estate" rather than the automatic stay provision itself, the considerations advanced by the Second Circuit justify the Bankruptcy Court's stay. The Court noted the "normal need to proceed expeditiously in any reorganization without time-consuming and costly distractions," *id.,* and the importance of having one court, the Bankruptcy Court, determine the applicability of a stay in order to assure uniformity of decision.

In the present bankruptcy, forays to other forums to determine what is property of the estate for purposes of bankruptcy law are not only time-consuming, but disrupt

---

**3.** Even if the jurisdiction of the Bankruptcy Court did not reach beyond property of the estate, the Bankruptcy Court might have juris-

diction over property which is only disputedly part of the estate.

the heart of the duties that the court is designed to perform. Furthermore, a decision in state court that Garrity cannot operate SRN under state law might change the effect of the Bankruptcy Court's August 22 order giving Garrity operational control. Such a decision, directly at odds with the Bankruptcy Court's determination, would create uncertainty among the estate's creditors and require even more procedural maneuverings to correct the inconsistencies in the two rulings. Since the Bankruptcy Court is the forum explicitly designed to administer the estate, it should be the court to explore the bounds of its jurisdiction, *see In re Chanticleer Associates, Ltd.,* 592 F.2d 70, 73–74 (2d Cir.1979) (addressing Bankruptcy Court's power to preserve its jurisdiction), as well as the applicability of the automatic stay provisions, subject, of course, to district court review. Therefore, on these grounds as well, the order staying actions in other forums is affirmed.

**The Motion to Reconsider**

■ Because the Bankruptcy Court did not necessarily decide the issue of whether the operating license is property of the estate, this court's decision to remand the appeals from the August 22 order to determine whether Garrity is authorized under New York Public Health Law § 2810 to operate SRN and whether Neuman has any continuing rights as holder of the operating certificate is reaffirmed. Neuman must seek from the Bankruptcy Court a determination of his continuing rights under state law, including the propriety of a *de facto* revocation of his license by the Department of Health. In the event that Neuman chooses to appeal whatever determination is reached by the Bankruptcy Court, because of its familiarity with the issues this court will accept such an appeal as a related action.

**The Motion to Dismiss**

■ In addition, the motion to dismiss the appeal for lack of jurisdiction pursuant to Federal Rules of Bankruptcy Procedure 8001 and 8011 is denied. The trustee has cited no cases that hold that the stay of proceedings in another court is not appeal-able as a "final judgment, order, or decree" under Rule 8001. Court have, in fact, treated Bankruptcy Court orders enjoining actions in other courts as appealable. *See Manville Corp., supra,* 801 F.2d 60; *In re Davis,* 730 F.2d 176, 181 (5th Cir.1984); *In re Cohen,* 107 F.2d 881, 883 (5th Cir.1939); *Johns-Manville Corp. v. The Asbestos Litigation Group (In re Johns-Manville Corp.),* 40 B.R. 219 (S.D.N.Y.1984). Because the basis of the order staying the state court action is ambiguous, because the issue of a stay is a discrete dispute within the larger case, *see In re Saco Local Development Corp.,* 711 F.2d 441, 443–46 (1st Cir.1983), and because the effect of the order is to deny Neuman a hearing on the operating certificate issue in any other forum for the duration of the reorganization, the October 2 order is properly on appeal. *See* 1 Collier on Bankruptcy ¶ 3.03(6)(b), at 3–150 through 3–159 (15th ed. Supp.1986); *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

IT IS SO ORDERED.