**In re CHATEAUGAY CORPORATION, REOMAR, INC., the LTV Corporation, et al., Debtors.**

**LTV STEEL COMPANY, INC., et al., Plaintiffs,**

**v.**

**BOARD OF EDUCATION OF the CLEVELAND CITY SCHOOL DISTRICT, et al., Defendants.**

Bankruptcy Nos. 86 B 11270(BRL)–86 B 11334(BRL), 86 B 11402(BRL) and 86 B 11464(BRL).
No. 87 Civ. 6014(PNL).

United States District Court,
S.D. New York.

Oct. 4, 1988.

Levin & Weintraub & Crames, New York City.  Davis Polk & Wardwell, New York City, for plaintiffs.

Kenneth F. Seminatore, Climaco Climaco Seminatore Lefkowitz & Garofoli Co L.P.A., Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

LEVAL, District Judge.

This is an appeal from a decision and order of the Bankruptcy Court preliminarily enjoining defendant-appellants, Board of Education of the Cleveland City School District (the "Cleveland School Board"), and its counsel, Baker and Hostetler and Climaco, Climaco, Seminatore, Lefkowitz and Garofoli, L.P.A., from prosecuting an action in the United States District Court for the Northern District of Ohio (the "Ohio action") to recover real property and personal property taxes.  The Ohio action was commenced several days before the action below appealed from.  In it, the Cleveland School Board sought a declaratory judgment for tax obligations that the Board alleged arose after LTV's petition in bankruptcy was filed and relief from the automatic stay, 11 U.S.C. § 362, with respect to other tax obligations that were concededly incurred pre-petition.  The appellants assign as error the Bankruptcy Court's determination to enjoin a parallel action to determine the scope of the automatic stay and various evidentiary rulings made by the Court below.

## BACKGROUND

The action below was instituted by complaint and order to show cause.  The plaintiff is LTV Steel, which with its affiliates filed petitions for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq., on July 17, 1986, in the United States Bankruptcy Court for the Southern District of New York.  This is now the debtor in one of the largest bankruptcy proceedings in the United States.  An automatic stay, 11 U.S.C. § 362(a), and a restraining order, embodying the terms of the stay and issued ex parte on July 17, 1986, are in effect with respect to actions against LTV Steel.  Defendant, Cleveland School Board, is a political subdivision of the State of Ohio and a beneficiary of taxes payable by LTV Steel to the Treasurer of Cuyahoga County, Ohio.  As a major employer and property owner in the Cleveland Metropolitan area, LTV Steel is a significant taxpayer in Cuyahoga County.

On May 29, 1987, the Cleveland School Board filed a complaint in the United States District Court for the Northern District of Ohio, *Board of Education of the Cleveland City School District v. LTV Steel Company, Inc.*, Cv. Act. No. C87–1308, seeking a declaratory judgment that LTV was obligated to pay personal property and real property taxes and requesting the court to assume jurisdiction over various tax disputes then pending between LTV and the Cleveland School Board.  The first claim for relief seeks judgment for "a significant amount of personal property taxes unpaid by LTV, which are post petition in nature, and which are due to be paid in the period since July 17, 1986"; and the second claim for relief seeks judgment for "a significant amount of real property taxes due and to be paid in the period since

July 17, 1986, during which period LTV has conducted its businesses under the authority of the United States Bankruptcy Court for the Southern District of New York." The third claim for relief, which is made expressly "subject to the granting of the School Board's motion for relief from the stay," asks the court to "exercise its jurisdiction to hear and resolve all disputes between LTV and the School Board relating to real property tax valuations and any other ancillary issues relating to the tax collection process."

With the complaint, the Cleveland School Board filed a motion to enjoin LTV Steel, its attorneys, and agents of the Bankruptcy Court from taking any action to interfere with the Board's prosecution of the complaint and a motion seeking to have the case assigned as a related matter to the Court handling the desegregation of the Cleveland City schools. The Cleveland School Board also filed with the Ohio court a motion for relief from the automatic stay to prosecute the third claim for relief and a motion to withdraw the reference of that matter to the United States Bankruptcy Court for the Northern District of Ohio. Judge Battisti of the Northern District of Ohio declined to issue the temporary restraining order, apparently finding that no irreparable injury was threatened. *See* Appellees' Brief in Opposition to Appeal at 7.

Shortly thereafter, on June 2, 1987, LTV Steel commenced the instant adversary proceeding (the "New York action") against the Cleveland School Board and its attorneys. It alleges contempt of court for a violation of the automatic stay and the Bankruptcy Court's July 17, 1986 restraining order and asks the court to restrain the defendants from prosecuting the action in the Ohio District Court. The New York action seeks an order (i) decreeing that the Ohio action is subject to the automatic stay, (ii) restraining and enjoining the defendants from litigating the action in Ohio, and (iii) decreeing that the Bankruptcy Court below alone has authority to decide the stay relief motion. The Bankruptcy Court entered a temporary restraining order on June 2, 1987, restraining the Cleveland School Board from proceeding against

LTV in the Ohio action. By agreement of the parties, the restraining order was continued in force until June 29, 1987, at which time the Bankruptcy Court held a hearing on LTV's application for injunctive relief.

The hearing consisted of argument of counsel, the introduction of various filings that were part of the record of the Ohio action or the New York bankruptcy proceeding, and the testimony of John T. Delmore, Assistant Comptroller, corporate accounting for LTV Steel, who testified first as a witness for the plaintiff and then as a witness for defendants. Delmore testified that the tax payments at issue were not made because LTV believed that they were subject to the provisions of the automatic stay. He also testified that permitting the Ohio action to go forward would subject LTV to the possibility of separate lawsuits by each of the approximately 150 taxing authorities to which LTV Steel pays taxes and would be disruptive of LTV Steel's reorganization efforts.

At the conclusion of the hearing, the Bankruptcy Court entered an order enjoining the defendants from continuing to litigate the first two counts in the Ohio complaint pending a determination by the Bankruptcy Court as to the nature of the disputed tax claims, and restraining the defendants from proceeding with the stay relief motion in the Ohio court. The court postponed decision on the request for sanctions or contempt pending a future hearing on that matter. With respect to the injunction, the court reasoned that centralization of the determination of the scope of the automatic stay was vital to the scheme of the reorganization process. It found that the alternative was to subject the debtors to potentially inconsistent and conflicting judicial decisions regarding their tax liabilities. The need for uniform determination of the applicability of the automatic stay was particularly great in so large a case, the second largest bankruptcy case with "an extraordinarily large number of claimants." The court therefore issued an injunction under 11 U.S.C. § 105, finding that

the defendants' actions threatened to irreparably harm the debtor's reorganization.[1]

## DISCUSSION

### 1. The Issuance of the Injunction

The principal issue presented on this appeal is whether the Bankruptcy Court abused its discretion, *see In re Johns–Manville Corp.*, 60 B.R. 842, 847–49 (S.D.N.Y.), *rev'd on other grounds*, 801 F.2d 60 (2d Cir.1986); *Matter of Emergency Beacon Corp.*, 52 B.R. 979, 986 (S.D.N.Y.1985), *aff'd*, 781 F.2d 973 (2d Cir.1986), in enjoining the School Board from pursuing the Ohio action pending the Bankruptcy Court's determination on the applicability of the automatic stay.[2] Defendants argue that the Bankruptcy Court's order violates the mandatory venue provisions of 28 U.S.C. §§ 959(a) and 1409(d) by requiring the Cleveland School Board to litigate the question whether the Ohio tax obligations are pre- or post-petition in the Bankruptcy Court for the Southern District of New York. They further contend that there is no harm to LTV to litigate in the Ohio District Court. Defendants also argue that the Bankruptcy court made a number of erroneous evidentiary decisions.[3]

█ The Bankruptcy Act provides the Court with broad equitable powers to preserve its own jurisdiction. "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "[T]he Bankruptcy Court has authority under section 105 broader than the automatic stay provisions of section 362 and may use its equitable powers to assure the orderly conduct of the reorganization proceedings." *In re Baldwin–United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985); *see also In re Chanticleer Associates, Ltd.*, 592 F.2d 70, 74 (2d Cir.1979) ("the Court's power to preserve its jurisdiction by enjoining proceedings that would remove property from the bankrupt estate is fundamental to the scheme of the Bankruptcy Act"). The usual grounds for injunctive relief such as irreparable injury need not be shown in a proceeding for an injunction under section 105(a). *In re Neuman*, 71 B.R. 567, 571 (S.D.N.Y.1987). Rather, a bankruptcy court may enjoin proceedings in other courts when it is satisfied that such a proceeding would defeat or impair its jurisdiction with respect to a case before it. *In re Johns–Manville Corp.*, 26 B.R. 420, 425 (Bankr.S.D.N.Y.1983), *aff'd*, 40 B.R. 219 (S.D.N.Y.). *rev'd in part*, 41 B.R. 926 (S.D.N.Y.1984); *see Continental Illinois National Bank v. Chicago*, 294 U.S. 648, 675, 55 S.Ct. 595, 605–06, 79 L.Ed. 1110 (1935) ("The power to issue an injunction when necessary to prevent the defeat or impairment of its jurisdiction is inherent in a Court of Bankruptcy, as it is in a duly established Court of Equity."); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1008 (4th Cir.), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). In particular, it has been held that the Bankruptcy Court has the authority to issue an injunction on the grounds that it rather than another court should be the forum to decide whether a property is the property of the estate. *In re Neuman*, 71 B.R. 567 (S.D.N.Y.1987).

█ In my view the Bankruptcy Court acted within its powers in preliminarily enjoining the School Board from pursuing the Ohio action so that the Bankruptcy Court

---

1. The court also determined that even the more rigorous standards for a preliminary injunction under Fed.R.Civ.P. Rule 65 were met. The plaintiff had demonstrated irreparable injury and a likelihood of success on the merits, and the balance of hardships favored the plaintiff. *See Sperry International Trade, Inc. v. Government of Israel*, 670 F.2d 8, 11 (2d Cir.1982).

2. The court has jurisdiction over this appeal as an appeal of an order enjoining an action in another court. *See In re Neuman*, 71 B.R. 567, 574 (S.D.N.Y.1987).

3. In their brief, appellants argue that the Ohio action did not violate the automatic stay, that an Ohio forum is a more convenient forum for adjudication of the merits of the tax claims, and that the issue of contempt, having been fully presented in the hearing on a preliminary injunction, may not be reopened through a new hearing. The District Court's jurisdiction, however, is limited to "final judgments, orders, and decrees" of bankruptcy judges, 28 U.S.C. § 158, and cannot be exercised over matters such as these that were not decided by the bankruptcy judge.

could determine whether the automatic stay, 11 U.S.C. § 362(a), covers that action. Section 362(a)(1) of the Bankruptcy Code, provides that the filing of a petition in bankruptcy operates as a stay of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." Under 11 U.S.C. § 362(d), a motion to *modify* or *lift* the provisions of the automatic stay with respect to a particular action must be made to the bankruptcy court which is supervising the reorganization. *See In re Fields*, 55 B.R. 294 (Bankr. D.D.C.1985); *In re Johns–Manville Corp.*, 26 B.R. 919, 921 (Bankr.S.D.N.Y.1983); *In re Coleman American Companies, Inc.*, 8 B.R. 384 (Bankr.D.Kan.1981). In contrast, the issue of the *applicability* of the automatic stay to the litigation in question is within the competence of both courts—the court in which *the litigation is pending, see In re Baldwin–United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir.1985); *accord NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934 (6th Cir.1986); *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir.1986), and *the bankruptcy court supervising the reorganization. See In re Baldwin–United Corp. Litig.*, 765 F.2d at 347.

The automatic stay ·is of great importance to the administration of the bankruptcy law. It "is designed to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts. The stay insures that the debtor's affairs will be centralized, initially, in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize creditors' interests with one another." *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 55 (2d Cir.1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977); *accord A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 998 (4th Cir.1986). The same interests in

the uniform treatment of creditors and the orderly administration of the bankrupt estate also warrants deference to the Bankruptcy court in the interpretation of the automatic stay. *See In re Baldwin–United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985) ("the equities do not warrant either preventing the Bankruptcy Court from construing its stay *or determining in the District Court whether the stay applies* ") (emphasis added). In *In re Baldwin–United Corp. Litig.*, the Court of Appeals stressed that "[t]he necessary uniformity is best achieved by centralizing construction of the automatic stay in the Bankruptcy Court." 765 F.2d at 349.

Thus, as an initial matter, the Ohio federal court has no authority to relieve the Cleveland School Board from the automatic stay with respect to the third claim. That matter can only be heard by the Bankruptcy Court for the Southern District of New York. 11 U.S.C. § 362(d); *Cathey v. Johns–Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir.1983), *cert. denied*, 478 U.S. 1021, 106 S.Ct. 3335, 92 L.Ed.2d 740 (1986); *In re Holtkamp*, 669 F.2d 505, 507 (7th Cir.1982); *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 57 (2d Cir.1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977).

The Bankruptcy Court was also justified in temporarily enjoining prosecution of the first and second claims. There was evidence from which the Bankruptcy Court could have found that permitting the Ohio action to go forward without an initial determination by the Bankruptcy Court of the applicability of the automatic stay would have burdened and impeded the reorganization proceeding and impaired the Bankruptcy Court's jurisdiction. The testimony was to the effect that LTV Steel pays taxes to approximately 150 different taxing authorities. LTV owes property taxes for 1986 in substantially all of these jurisdictions, totalling approximately $44 million, which it has not paid because of its interpretation of the automatic stay. Based on this evidence, the Bankruptcy Court found that "[i]f each of these entities or recipients were to commence actions

similar to the defendants' actions, the Debtors' reorganization efforts would be irreparably harmed [and] the Debtors [might] be subject to inconsistent and conflicting judicial decisions regarding its tax liabilities." Tr. 148. This determination is not clearly erroneous. Even if LTV Steel were required to show irreparable injury, *see In re MacDonald Associates, Inc.*, 54 B.R. 865, 870 (Bankr.D.R.I.1985), the Bankruptcy Court would have been within its discretion in finding that an injunction was warranted.

The Cleveland School Board argues that an injunction prohibiting it from seeking the decision of the Ohio District Court whether it has jurisdiction over the complaint effectively circumvents the venue provisions of 28 U.S.C. §§ 959(a) and 1409(e). This is without merit. As the Cleveland School Board itself recognizes the venue provision of 28 U.S.C. § 1409(e) is merely permissive. *See, e.g., Brock v. American Messenger Service, Inc.*, 65 B.R. 670 (D.N.H.1986). That section provides: "A proceeding arising under title 11 or arising in or related to a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor *may* be commenced against the representative of the estate in such case in the district court for the district where the State of Federal court sits in which the party commencing such proceeding may, under applicable non-bankruptcy venue provisions, have brought an action on such claim, *or* in the district court in which such case is pending." 28 U.S.C. § 1409(e). The Cleveland School Board has cited no authority for the proposition that section 1409(e) gives it the right to have the Ohio District Court determine

the scope of the automatic stay notwithstanding that it will be disruptive of the reorganization process.

Appellants argue that LTV Steel may be sued under 28 U.S.C. § 959(a) as a debtor in possession which has failed to pay its local taxes pursuant to 28 U.S.C. § 960. Section 959(a) provides that "Trustees ..., including debtors in possession, may be sued without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice." 28 U.S.C. § 959(a).[4] The second sentence of section 959(a) limits the first sentence's broad grant of permission to sue, subjecting it to the general equity powers of the bankruptcy court. *See Diners Club, Inc. v. Bumb*, 421 F.2d 396 (9th Cir.1970). Thus where there is a showing that the action "would embarrass, burden, delay or otherwise impede the reorganization proceedings," *In re Investors Funding Corp.*, 547 F.2d 13, 16 (2d Cir.1976), the courts have held that the Bankruptcy Court may enjoin even an action that involves transactions of the debtor in carrying on business connected with its property. *Id.* at 16–17; *see also In re Neuman*, 71 B.R. 567, 572 (S.D.N.Y.1987).[5] If the court may enjoin those matters, it should be able to temporarily stay an action pending a determination whether it is barred by the automatic stay of section 362, where the only effect of the stay is to "prevent [the] action[] in other forums, permitting such a motion in the Bankruptcy Court itself." *In re Neuman*, 71 B.R. 567, 572 (S.D.N.Y.1987).

**4.** 28 U.S.C. § 960 provides "Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation."

**5.** *In re Johns–Manville Corp.*, 801 F.2d 60 (2d Cir.1986); is not to the contrary. There, the Court of Appeals reversed an injunction entered in favor of the debtor restraining members of the Equity Committee from calling a shareholders' meeting for the purposes of electing a new

Board of Directors. The Court of Appeals recognized that even the right to call a shareholders' meeting, which implicated the stockholders' interest in being adequately represented in the debtor's affairs, *id.* at 65, could be abrogated if it would " 'jeopardize both [the debtor's] rehabilitation and the rights of creditors and stockholders,' " *id.* at 67 (quoting *In re Potter Instrument Co.*, 593 F.2d 470, 475 (2d Cir.1979)), but held that the debtor had failed to introduce sufficient evidence of irreparable injury.

I conclude that the injunction was not an abuse of discretion.[6]

### 2. *Evidentiary Objections*

The Cleveland School Board raises a host of evidentiary objections to the conduct of the hearing by the bankruptcy court. It argues that the court impermissibly relied on evidence explicitly excluded in reaching its decision (particularly the affidavit of John T. Delmore), improperly admitted documents on the basis of judicial notice, admitted hearsay testimony, permitted testimony about settlement discussions, and refused to admit evidence about the lack of irreparable injury to plaintiff.[7]

Evidentiary rulings of a trial judge are not ordinarily disturbed unless "manifestly erroneous" and material. *In re Martin–Trigona*, 760 F.2d 1334, 1344 (2d Cir.1985); Fed.R.Evid. 103. The purported evidentiary errors were neither. Although the Delmore affidavit was not admitted into evidence, all of its averments were testified to personally by Delmore. The documents admitted on the basis of judicial notice were all documents that had previously been filed with the Bankruptcy Court of which the court had the power to take judicial notice. *See Jacques v. United States Railroad Retirement Board*, 736 F.2d 34, 40 (2d Cir.1984); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2410, at 359–61 (1971). The court's decision to exclude a list of cases pending against LTV offered to show that litigation of the action in Ohio would not be burdensome was based on the representation of plaintiff that the vast majority of those cases were stayed; it came within the trial court's discretion to exclude non-probative evidence. *See O'Rourke v. Eastern Air*

*Lines, Inc.*, 730 F.2d 842, 854 (2d Cir.1984); Fed.R.Evid. 402.

The Bankruptcy Court admitted testimony that, the day before the Ohio action was filed, LTV held settlement discussions with the taxing authorities of five counties in Ohio at which the counties indicated that they were not interested in settlement because of a letter they had received from the Cleveland School Board to the effect that LTV had a large cash balance and had been paying its top executives bonuses. Those settlement discussions did not pertain to the litigation in question; the evidence was admitted to show the effect of the Ohio action on the settlement of tax disputes with other taxing authorities; it was not within the purview of Fed.R.Evid. 408. This evidence was properly receivable on the states of mind of other taxing authorities in their refusal to make settlements.

### CONCLUSION

The order of the Bankruptcy Court preliminarily enjoining the defendants from prosecuting the Ohio action pending a determination of the applicability of the automatic stay, and enjoining the prosecution of motions in the Ohio Court for an order terminating the automatic stay as to the third claim for relief and withdrawing the reference to the Bankruptcy Court of the Ohio stay relief motion, is affirmed.

SO ORDERED.

---

**6.** In light of my conclusion that the Bankruptcy Court had authority to issue the injunction under § 105(a), I do not reach the question whether the Cleveland School Board breached its fiduciary duty to members of the LTV Creditors' Committee. *See In re Johns–Manville Sales Corp.*, 26 B.R. 919, 926 (Bankr.S.D.N.Y.1983).

**7.** The Cleveland School Board also argues that the trial judge sought to require introduction of evidence through an offer of proof and accepted testimony about Ohio law from an unqualified lay witness. These arguments are meritless.

After initially requiring an offer of proof, the Bankruptcy Judge permitted counsel for defendants to ask questions regarding the convenience of the Ohio forum. *See* Tr. 88. The testimony of Delmore that defendants object to consists of a statement from the witness's personal knowledge that taxpayers in Ohio submit a tax return to the State Tax Commissioner which is used as a basis for taxes that are paid by each individual taxpayer. It is not expert testimony on a matter of law. *See* Tr. 40.