**In re David Warren BOOTHE and Colleen Gay Mammenga, Debtors.**

**Bankruptcy No. 93–16006 RJB.**

United States Bankruptcy Court, D. Colorado.

May 27, 1994.

George T. Carlson, Denver, CO, for debtors.

Celia J. Foegen, Denver, CO, for Chapter 13 Trustee.

Joe T. Reece, Reece & Baker, Denver, CO, for creditor Courtesy Ford.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on May 23, 1994, upon the Debtors' Motion for Post–Confirmation Modification of Plan filed March 30, 1994, and the objections thereto filed by Courtesy Ford and the Chapter 13 Trustee. The objection by the Chapter 13 Trustee is a technical objection, and the Debtors have agreed that they will correct that matter.

On January 31, 1994, this Court confirmed the Debtors' Chapter 13 Plan. Confirmation of that Plan was opposed by Courtesy Ford partly because the Plan provided for a cram down of Courtesy's secured claim on an automobile. Under § 506(a) this Court determined that the value of the subject automobile was $1,900 and that the balance of Courtesy's $4,969.82 claim, or $3,069.82, was unsecured. The Plan also provided that the Debtors were to pay Courtesy directly, and not through the Chapter 13 Trustee, the sum of $105.00 per month as adequate protection payments, which sums would be applied toward Courtesy's secured claim of $1,900. The Debtors were also to maintain insurance on that automobile listing Courtesy as a loss payee. All provisions of the confirmed Plan have been complied with by the Debtors.

Subsequent to confirmation, the automobile was destroyed in an accident. The insurance company stands ready to issue a check in the amount of approximately $2,900 drawn to Courtesy and the Debtor, David Boothe, jointly.

The Debtors propose to use the insurance proceeds to pay the balance of the $1,900 owing to Courtesy (approximately $1,038.27), to modify their confirmed Plan to eliminate the adequate protection payments to Courtesy, to eliminate any further payments to Courtesy under the Plan, and to modify their monthly payments to the Chapter 13 Trustee such that their Plan would be completed at the same time that their confirmed Plan would have been completed, and all of their other creditors would receive the same payments as in their present confirmed Plan (general unsecured creditors under the confirmed Plan will receive $205 on claims exceeding $10,000). They want to use the remainder of the insurance proceeds as a down payment on a replacement automobile.

Key to this decision is Courtesy's position that it is bound by the § 506(a) valuation of $1,900 previously determined by the Court. Courtesy agrees with using part of the insurance money to pay off its secured debt, but argues that the remainder (approximately $1,862) should be used by the Debtors to increase the payments to general unsecured creditors. Courtesy argues that this sum is a "windfall" to the Debtors and should thus be used to increase payments to the creditors. It cites two cases in support of its argument: *In re Euerle,* 70 B.R. 72 (Bankr. N.H.1987) (involving a $300,000 inheritance), and *In re Koonce,* 54 B.R. 643 (Bankr.S.C. 1985) (involving a $1.3 million lottery prize).

Debtors cite the case of *In re Pourtless III,* 93 B.R. 23 (Bankr.W.D.N.Y. 1988), in support of their position. That case holds that the rights of a secured creditor in a Chapter 13 debtor's automobile were totally extinguished upon payment of sums called for in the confirmed plan, and the debtors were thus entitled to receive the remainder of the insurance proceeds following demolition of the vehicle. However, the issue here was not presented to the Court in *Pourtless.* Here, Courtesy is asserting its rights as a general unsecured creditor and demands that before a modified plan can be confirmed the plan must comply with the mandates of 11 U.S.C. § 1325, which requires, *inter alia,* that the debtor commit all of his projected disposable income to the plan payments. Because the Debtors now have an additional amount of disposable income not otherwise accounted for, i.e., approximately $1,852, that sum should now be contributed to any plan proposed by the Debtors. This Court agrees.

At the hearing on this matter, Debtors asserted that they had an exemption of $1,500 for the automobile and that they should at least be allowed to keep that sum. That position is not well taken. Exemptions are determined as of the date of filing. *In re Marcus,* 1 F.3d 1050 (10th Cir.1993). So too the value of the automobile was determined as of the date of filing. The Court determined that the value of the vehicle was $1,900 and that, thus, Courtesy's lien was limited to $1,900. That means there was no equity in the vehicle to which any exemption claimed by the Debtors could attach.

The revised budget submitted by the Debtors in support of their Motion to modify their Plan does not take the $1,852 excess insurance proceeds into account, nor does their proposed modified plan. The objection of Courtesy Ford is thus well taken and its objection to the plan modification is sustained. It is, therefore,

ORDERED that the Debtors' within Motion for Post–Confirmation Modification of Plan is denied.