**In re Anthony M. IANNACONE, Debtor.**

**Bankruptcy No. 80–00531–L.**

United States Bankruptcy Court,
D. Massachusetts.

June 11, 1982.

---

Wayne M. Morrison, Silverman & Kudisch, Boston, Mass., for debtor.

Stephen R. Wainwright, Wainwright & Wainwright, Brockton, Mass., for Shawmut First County Bank, N. A.

## MEMORANDUM AND ORDER DENYING APPLICATION TO REOPEN

### THOMAS W. LAWLESS, Chief Judge.

The Court has before it the application of the debtor, Anthony M. Iannacone, seeking to reopen his Chapter 7 case in order to amend his bankruptcy schedules to add the First County National Bank ("the Bank") as an unsecured creditor. The application states that the debtor inadvertently omitted the Bank from his list of creditors and allowance of this motion would not prejudice the Bank since there was no dividend to the unsecured creditors. Alternatively, the debtor asserts that the Bank, through its attorney Mr. Stephen R. Wainwright, had actual knowledge of the bankruptcy proceeding so as to come within the exception enumerated in § 523(a)(3)(A). The Bank opposes the motion to reopen and denies that it had knowledge of the debtor's bankruptcy proceeding until one year after the debtor's bankruptcy case was closed. For the reasons set forth below, the debtor's application to reopen is denied.

## FACTS

In February, 1973, the Bank obtained a judgment and execution in the District Court of Brockton against the debtor in the amount of $1,177.24. At the time of filing of the debtor's bankruptcy petition on April 10, 1980, this judgement and execution remained unsatisfied. The debtor's schedules omitted the Bank as a creditor. On July 22, 1980, the debtor received his discharge and his bankruptcy case was closed. On February 3, 1982, the Bank received a supplementary process order in state court ordering the debtor to make payments of $50.00 per month commencing April 7, 1982.

## DISCUSSION

The failure to properly schedule a creditor will ordinarily result in that debt being excepted from discharge. Section 523(a)(3) of the Bankruptcy Code provides:

(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; ...

Since there is no allegation that the debt is otherwise nondischargeable under § 523(a)(2), (4) or (6), the Bank had to receive notice in time to file a proof of claim. *See In re Brown*, No. 80–1814–L at 2

(Bkrtcy.D.Mass. April 15, 1982). In the instant case, the time for filing a proof of claim has long since passed. *See* Bankruptcy Rule 302(e). The debtor seeks to reopen this case in order to add the Bank as a creditor and thus obtain a discharge from a debt that would otherwise be nondischargeable under § 523(a)(3). The absence of a dividend in a bankruptcy proceeding does not permit a bankruptcy court to contravene the unequivocal language of the Code. *See In re McNeil*, 13 B.R. 743 (Bkrtcy.S.D. N.Y.1981); *Milando v. Perrone*, 157 F.2d 1002 (2nd Cir. 1946) (decided under the Bankruptcy Act, 11 U.S.C. § 35(a)(3)).

■ Reopening under the Code is governed by 11 U.S.C. § 350(b) which provides that "[a] case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Reopening this case in order to add the Bank as a creditor will not result in relief being afforded to the debtor since such amendment would not relate back to a time prior to the claims filing bar date for the purpose of § 523(a)(3)(A). *See In re McNeil, supra* at 746. "If the debtors 'purpose to bar the creditor's suit, cannot be effected, the reopening and amendment are useless and should not be allowed.' " *Id.* at 746 (quoting *Milando v. Perrone, supra* at 1003.

Alternatively, the debtor contends that the Bank, through its attorney, had timely notice and knowledge of the debtor's bankruptcy proceeding. If so, the debt owed to the Bank would be discharged under § 523(a)(3)(A) despite the debtor's failure to schedule the Bank. The debtor seeks to have this Court reopen this case in order to litigate the issue of the Bank's knowledge of the debtor's bankruptcy proceeding.

■ Dischargeability questions under § 523(a)(3) are the type over which the Bankruptcy court has concurrent, but not exclusive, jurisdiction. *Compare* § 523(a)(2), (4) or (6) (where the Bankruptcy Court is granted exclusive jurisdiction). The debtor desires to litigate the § 523(a)(3) issue in this Court rather than moving in the state court to vacate the supplementary process order obtained by

the Bank on April 7, 1982. 3 *Collier on Bankruptcy*, ¶ 523.13[9] (15th ed. 1980), states:

Should a creditor bring suit in a court other than a bankruptcy court on a debt which he contends is excepted from discharge under section 523(a)(3), the local court would determine the question of dischargeability. The debtor, however, may remove the case to the bankruptcy court which would then have jurisdiction unless it remands the case to the local court.

The debtor in the instant case has not sought removal. Further, since the state court action was initiated after the bankruptcy case was closed and removal under 28 U.S.C. § 1478(c) may be had only during the pendency of the bankruptcy case, removal is not possible absent a reopening.

■ The debtor's desire to litigate this issue in this Court rather than the state court is insufficient to "accord relief" or to constitute "cause" for reopening this case under § 350(b). *See In re McNeil, supra* at 747–748.

Accordingly, debtor's application to reopen this bankruptcy case is hereby denied.