In re E.A. ADAMS, INC., Debtor.

CITIZENS TRUST CO., Plaintiff,

v.

Avram N. COHEN, Interim Trustee, Defendant.

Bankruptcy No. 8200580.
Adv. No. 820315.

United States Bankruptcy Court, D. Rhode Island.

April 10, 1983.

Charles J. Ajootian, Providence, R.I., for movant, Atamian Mfg. Corp.

Robert E. Liguori, Adler, Pollock & Sheehan, Providence, R.I., for Citizens Trust Co.

ORDER DENYING ATAMIAN MANUFACTURING CORPORATION'S MOTION TO REOPEN AND INTERVENE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Atamian Manufacturing Corporation has filed a motion to reopen and to intervene in the captioned case, and the matter has been submitted upon the memoranda of Citizens Trust Co. and Atamian.

The relevant facts appear briefly as follows: E.A. Adams, Inc., filed a Chapter 11

petition on July 2, 1982, and four days later the case was converted to one under Chapter 7. On July 8, 1982, Citizens Trust Co. filed a complaint for relief from the automatic stay in order to reclaim property allegedly subject to various mortgages and security interests. With the trustee consenting, an order granting such relief was entered on July 8, 1982, without notice, however, to Atamian.

On July 12, 1982 Atamian filed a complaint seeking reclamation of certain jewelry findings which it alleges are in the possession of Citizens Trust Co. (AP No. 820321). It then filed the instant motion requesting the Court to reopen adversary proceeding No. 820315, to allow Atamian to intervene therein, and to modify the July 8, 1982 consent order which allowed Citizens to take possession of the property in question.

Atamian argues that since it had demanded reclamation in writing in accordance with 11 U.S.C. § 546(c) prior to July 8, 1982, the interim trustee had no right to agree to the consent order which permitted Citizens to take possession of the property.

Upon consideration, we find that Atamian has failed to show cause to reopen the case,[1] and its motion is denied.

■ We agree that the July 8, 1982 consent order should not have been entered without some notice, and that notice to Atamian would have been in order if its pending complaint for reclamation had been brought to the attention of the Court prior to entry of the order in question. Accordingly, paragraph numbered 3 on page 2 of said order is vacated.

■ Lack of notice, without more, however, does not require that this case be reopened. Atamian is asserting rights to certain property presently in the possession of Citizens Trust Co. Although the failure to notice Atamian resulted in its failure to be heard in this particular court, it has not been foreclosed from asserting any rights it may have against Citizens in a more appropriate forum. *See In re Iannacone,* 21 B.R. 153 (Bkrtcy.D.Mass.1982) (party's desire to litigate in bankruptcy court rather than state court is not cause to reopen).

The fact that the outcome of this dispute can have no possible effect on the debtor's estate is also persuasive in our decision to refuse to reopen. This Court has chosen to abstain from hearing Atamian's reclamation complaint,[2] largely because the debtor has no interest in the property in question. If this proceeding is reopened and intervention allowed, Atamian would be asserting the same reclamation claim which we have abstained from hearing.

Atamian has failed to establish cause to reopen, as required by 11 U.S.C. § 350, *In re Shen,* 7 B.R. 942 (S.D.Calif.1980) (burden is on party seeking to reopen proceeding), and its motion is denied.

---

1. 11 U.S.C. § 350(b) provides:

    (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

2. The Court has abstained in Atamian's adversary proceeding seeking reclamation. *Atamian Manufacturing Corp. v. Citizens Trust Co. (In re E.A. Adams, Inc.),* 29 B.R. 224 (Bkrtcy. D.R.I.1983).