In the Matter of Gregory Alan CARTER, Sr., Sharon Ann Carter, Debtors.

Bankruptcy No. 2–83–00539.

United States Bankruptcy Court, D. Connecticut.

April 11, 1984.

F. Woodward Lewis, Jr., Conn., for debtors.

1. "[A] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.A. § 350(b) (West 1979).

2. "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed.R.Bankr.P. 5010, 11 U.S.C.A. (West 1984).

Joseph X. Dumond, Jr., Asst. Atty. Gen., State of Conn., Hartford, Conn., for State of Conn.

### MEMORANDUM AND ORDER

### RE: DEBTOR'S MOTION TO REOPEN CASE

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

#### I.

#### BACKGROUND

This matter comes before the court on a motion, styled a petition, of Gregory Alan Carter, Sr. (debtor) to reopen his chapter 7 case pursuant to 11 U.S.C. § 350(b)[1] and Rule 5010, Fed.R.Bankr.P.[2] The history behind the motion as gleaned from the moving papers, briefs of counsel and debtor's chapter 7 petition is as follows.

The debtor and his wife, Sharon Ann Carter, filed a joint chapter 7 petition in this court on July 7, 1983. On his schedule of creditors, the debtor listed the State of Connecticut, Department of Human Resources (the State) as having a claim against him in the amount of $3,800.00 for family support payments paid by the State from July 1982 to February 1983. The debtor received a discharge from his dischargeable debts on September 7, 1983 and his case was closed on October 24, 1983.

On October 21, 1983, the State served a summons on the debtor directing him to appear before the Connecticut Superior Court on November 18, 1983, to show cause why the Superior Court should not order reimbursement payments to the State for aid rendered to his wife and two children.[3] The debtor, on December 20, 1983, sought to remove the state-court ac-

3. Section 17–324 of the Connecticut General Statutes provides the Superior Court shall "have authority to make and enforce orders for payment of support" to the State for persons supported by or under any welfare program administered by the State. Conn.Gen.Stat.Ann. § 17–324 (West 1984 Supp.).

tion against him to this court, pursuant to 28 U.S.C. § 1478. Since a state-court action may be removed to the bankruptcy court only if a title 11 case is pending, *In re McNeil*, 13 B.R. 743, 747, 8 B.C.D. 114, 117 (Bkrtcy.S.D.N.Y.1981), the debtor filed on February 7, 1983 the instant motion to reopen his closed case. As cause, he states that the "only question raised in the State Court is the effect of this Court's order for relief (sic) ... and that the Bankruptcy Court would be the forum best equipped to interpret its own order."

The State objects to the reopening of the case. The State claims that a child-support obligation has been assigned to it and is nondischargeable pursuant to 42 U.S.C. § 656(b).[4] The State argues that since the state court has jurisdiction concurrent with that of the bankruptcy court to determine nondischargeability on these grounds,[5] the debtor's sole desire to have this issue determined by the bankruptcy court and to oust the state court is insufficient to "accord relief to the debtor" or to constitute "other cause" for reopening his case under § 350(b).

## II.

## DISCUSSION

█ The burden, of course, is on the moving party to demonstrate the grounds for reopening a case, and the granting of such a request is addressed to the sound discretion of the court. *Saper v. Viviani*, 226 F.2d 608 (2d Cir.1955); *Mohonk Realty Corporation v. Wise Shoe Stores*, 111 F.2d 287, *cert. denied*, 311 U.S. 654, 61 S.Ct. 47, 85 L.Ed. 418 (2d Cir.1940).

█ As noted above, Congress gave state courts concurrent jurisdiction with

the bankruptcy court to adjudicate the ground of nondischargeability alleged by the State. If no state-court proceeding is pending in which this issue could be determined, a case reopening to enable a debtor to file a complaint for a dischargeability determination by the bankruptcy court is appropriate. The debtor may receive a determination of the scope of his discharge without having to wait for a creditor to file a suit in which the debtor could raise his discharge as a defense. Further, a determination that a debt was dischargeable forestalls a later suit on the·debt, *see* 11 U.S.C. § 524(a)(2). However, if the debtor chooses not to take advantage of these provisions before his case is closed, a subsequent creditor's suit on an alleged nondischargeable debt is not violative of bankruptcy purpose or principles. If the only "cause" claimed is the opportunity the reopening gives the debtor to choose which of two courts of competent jurisdiction will presently determine the dischargeability issue, it has been held that benefit is insufficient to "accord relief to the debtor" or to constitute "other cause" for reopening pursuant to § 350(b). *In re Iannacone*, 21 B.R. 153, 155 (Bkrtcy.D.Mass.1982); *In re McNeil*, 13 B.R. 743, 747–48, 8 B.C.D. 114, 117 (Bkrtcy.S.D.N.Y.1981). *See also Matter of Barber Industries, Inc.*, 30 B.R. 382, 384–85 (Bkrtcy.M.D.Fla.1983). *Contra In re Rediker*, 25 B.R. 71 (Bkrtcy.M.D.Tenn. 1982).

█ The debtor has not alleged or shown any inconvenience, onerousness or inadequacy in the state-court proceeding.[6] Furthermore, if debtor's liability is nondischargeable, under Conn.Gen.Stat. § 17–324 the state court must then determine if the

---

**4.** "A debt which is a child support obligation assigned to a State under section 602(a)(26) of this title is not released by a discharge in bankruptcy under Title 11." 42 U.S.C.A. § 656(b) (West 1983).

**5.** 28 U.S.C. § 1471(b) provides that any appropriate nonbankruptcy forum has concurrent jurisdiction over "all civil proceedings arising under title 11 or arising in or related to cases under title 11," 28 U.S.C.A. § 1471(b) (West 1983 Supp.). Section 523(c) of the Code provides for a limited exception to this concurrent jurisdic-

tion for questions of dischargeability concerning § 523(a)(2) (fraud or a false financial statement), § 523(a)(4) (fraud by a fiduciary, embezzlement or larceny) and § 523(a)(6) (willful and malicious injury). Therefore, all dischargeability issues other than those concerning § 523(a)(2), (4) or (6) may be determined by a nonbankruptcy court.

**6.** "Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights." *Middlesex Ethics Comm. v. Garden*

debtor has any present financial ability to make any payments on the debt before it issues an order for support.[7] Consequently, since I am convinced my role in this proceeding should be limited to a determination of dischargeability, leaving the entire matter with the state court would prevent piecemeal litigation and allow a state-court proceeding which was prior in time to continue without federal interference. *See Moses H. Cone Hospital v. Mercury Constr.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Accordingly, as there is now pending a proceeding in a Connecticut state court in which the debtor will have the opportunity to raise his discharge as a defense, he has neither demonstrated a sufficient basis to be "accord[ed] relief" nor demonstrated "other cause" to reopen his case.

### III.

### CONCLUSION

For the reasons discussed above, the debtor's motion to reopen his case is denied, and it is

SO ORDERED.

*State Bar Assn.,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116, 124 (1982) (Emphasis in original).

7. "Any court called upon to make or enforce such an order ... shall insure that such order is reasonable in light of the relative's ability to pay." Conn.Gen.Stat.Ann. § 17–324 (West 1984 Supp.).