In re Robert W. TINSLEY, Jr., Karen L. Tinsley aka Karen Ross, Debtors.

Bankruptcy No. 2–87–03641.

United States Bankruptcy Court, S.D. Ohio, E.D.

March 20, 1989.

Thomas E. Baker, Jr., Columbus, Ohio, for Genesis Leasing Corp.

David M. Whittaker, Columbus, Ohio, for debtors.

Larry E. Staats, Columbus, Ohio, Chapter 7 Trustee.

## ORDER DENYING MOTION TO REOPEN CASE

BARBARA J. SELLERS, Bankruptcy Judge.

On September 14, 1988 Genesis Leasing Corporation ("Genesis") filed a motion seeking to reopen this case in order to file an adversary proceeding against the debtors. That motion was opposed by the debtors and is before the Court for determination.

Genesis alleges that after the bankruptcy filing the debtors intentionally damaged certain trucks which are apparently owned by Genesis, but were leased to the debtors and remained in the debtors' possession during some portion of their Chapter 7 case. In response to the motion for reopening, the debtors assert that Genesis is time barred from filing either an objection to the issuance of their discharge in bankruptcy or an action to determine the dischargeability of their debt to Genesis.

It is undisputed that the time for such filing has passed.

The Court finds that the contractual obligation between the debtors and Genesis was made unenforceable by the discharge issued to the debtors by the Court on February 11, 1988. The Court further notes that a previous order of this Court, entered August 1, 1988, found that the Court was without authority to extend the time periods for filing a complaint under 11 U.S.C. § 523(a) or § 727. No new reason exists to overturn that order at this time.

The unenforceability of the contract between these parties does not mean, however, that Genesis is without remedy for behavior of the debtors it feels is tortious, if such behavior is shown to have occurred after the bankruptcy is filed. If the action occurred prior to the bankruptcy filing and Genesis neglected to protect its rights to assert a claim or to file a timely complaint because of its own delay in ascertaining the condition of its trucks, it must suffer the result of its lack of diligence. If such behavior occurred after the bankruptcy filing and can be shown in an appropriate court to be actionable on a tort theory, then such cause of action would not be affected by the debtors' discharge. This Court is not the most appropriate arena for that determination, however.

Based upon the foregoing, Genesis' motion to reopen this case is denied.

IT IS SO ORDERED.