**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

In re:                          )   BAP No. CC-17-1029-LKuF
                                )
SHARON KAY KING,                )   Bk. No. 2:15-bk-20254-BR
                                )
                Debtor.         )   Adv. No. 2:16-ap-01544-BR
_____ )
                                )
SHARON KAY KING,                )
                                )
                Appellant,      )
                                )
v.                              )   **M E M O R A N D U M**[*]
                                )
HSBC BANK USA, N.A. as Trustee  )
for Fremont Home Loan Trust     )
2006-C, Mortgage-Backed         )
Certificates, Series 2006-C;    )
OCWEN LOAN SERVICING, LLC;      )
PLATINUM HOLDING GROUP,         )
                                )
                Appellees.      )
_____ )

Submitted Without Argument on January 25, 2018

Filed - February 2, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Barry Russell, Bankruptcy Judge, Presiding
_____

Appearances:    Appellant Sharon Kay King, pro se on brief; Robert
                W. Norman, Jr. and Kaitlyn Q. Chang of Houser &
                Allison, APC on brief for Appellees HSBC Bank USA,
                N.A. as Trustee for Fremont Home Loan Trust 2006-
                C, Mortgage-Backed Certificates, Series 2006-C and
                Ocwen Loan Servicing, LLC.
                _____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Before: LAFFERTY, KURTZ, and FARIS, Bankruptcy Judges.

Debtor appeals the bankruptcy court's order remanding a removed superior court action. The bankruptcy court remanded the action because Debtor's chapter 7[1] case was closed. On appeal, Debtor offers no argument relevant to the order on appeal, and we discern no abuse of discretion in the bankruptcy court's ruling. Therefore, we AFFIRM.

## **FACTS**[2]

Debtor filed the subject chapter 7 case on June 26, 2015. This was Debtor's second chapter 7 filing and her sixth bankruptcy filing; the four chapter 13 cases she filed were all dismissed before completion. Debtor had previously owned real property in Long Beach, California (the "Property"), but the Property was sold at a trustee's sale on June 1, 2011, during a period when no automatic stay was in effect.

Both before and after she filed the 2015 chapter 7 case, Debtor initiated numerous court proceedings, including state

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2]In her excerpts of record, Debtor submitted no documents relevant to the order on appeal. Appellees provided relevant excerpts, and we have also exercised our discretion to review independently relevant imaged documents from the bankruptcy court's electronic docket in the bankruptcy case and related adversary proceedings. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

court cases, appeals, bankruptcies, and bankruptcy adversary proceedings related to issues involving the loan against the Property. During this bankruptcy, Debtor attempted to sue the original lender, Fremont Home Loan Trust 2006-C, and its successors, HSBC Bank USA National Association as Trustee Under the Pooling and Service Agreement Dated as of September 1, 2006 ("HSBC") and Litton Loan Servicing LP, for fraud, deceit, and unjust enrichment in asserting in Debtor's 2010 bankruptcy that she was obligated on a loan and deed of trust encumbering the Property. Debtor sought to quiet title and prayed for injunctive relief requiring defendants to reconvey the Property to her; she also sought compensatory and punitive damages. For reasons that are not reflected in the record, Debtor voluntarily dismissed the complaint without prejudice.

A discharge was issued on November 2, 2015, and the case was closed. In July 2016, Debtor moved to reopen her case so that she could file an adversary proceeding identical to the one Debtor had voluntarily dismissed. The bankruptcy court denied the motion to reopen and dismissed the adversary proceeding on grounds that the Debtor had had multiple opportunities to have her claims litigated and heard in bankruptcy and non-bankruptcy forums. The court found that there was no purpose in reopening the bankruptcy case because Debtor could seek relief in non-bankruptcy fora. Debtor moved for reconsideration, which the bankruptcy court denied. She then appealed both orders to this Panel, but the appeals were dismissed for lack of prosecution.

On December 12, 2016, without concurrently moving to reopen the main bankruptcy case, Debtor filed a notice of removal of an

-3-

unlawful detainer action brought against her by HSBC in Los Angeles County Superior Court in August 2016. The next day, without a hearing, the bankruptcy court entered an order remanding the action to superior court. The order stated:

> [D]ebtor states in the pleading that she wants to remove a Superior Court action to the United States Bankruptcy Appellate Panel of the Ninth Circuit Court. At the Intake window, she filed this notice of removal at the United States Bankruptcy Court.
>
> On August 3, 2016, the debtor's motion to reopen her bankruptcy case was denied and an order denying the motion for reconsideration was denied on November 2, 2016. The debtor's bankruptcy case has been closed since November 3, 2015.
>
> Given that the bankruptcy case is closed, the Court remands the removed action back to the Superior Court of the State of California, County of Long Beach because the Superior Court action cannot be removed in a closed case.

Debtor timely appealed the remand order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in remanding the unlawful detainer action to the state court.

## STANDARD OF REVIEW

We review the bankruptcy court's remand order for abuse of discretion. United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1111–12 (9th Cir. 2001). A bankruptcy court abuses its discretion if it applies the wrong legal standard or misapplies the correct legal standard, or if its factual findings are

-4-

clearly erroneous.  <u>TrafficSchool.com, Inc. v. Edriver Inc.</u>, 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

**A.  Appellees' Request for Judicial Notice**

Appellees request that the Panel take judicial notice of 21 documents.  These include recorded documents relating to the disputed loan and foreclosure as well as documents and dockets related to the extensive litigation between the parties.

These documents may be helpful in understanding the history between the parties, but they are not necessary to the Panel's disposition of this appeal.  Accordingly, the Request for Judicial Notice is DENIED.

**B.  Merits**

Removal of claims related to bankruptcy cases is governed by 28 U.S.C. § 1452, which provides:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.  An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452.

Rule 9027 sets forth the procedural requirements for removal.  Under that rule, a notice of removal of a civil action initiated after the commencement of a bankruptcy case must be

-5-

filed within the shorter of 30 days after receipt of the initial pleading or 30 days after receipt of the summons.

One may remove a state court action only into an open bankruptcy case. See Miller v. Cardinale (In re Deville), 280 B.R. 483, 496 (9th Cir. BAP 2002), aff'd, 361 F.3d 539 (9th Cir. 2004) ("The filing of a bankruptcy petition is a condition precedent for proper removal of an action to bankruptcy court."). See also Poole v. Money Mortg. Corp. of Am. (In re Hofmann), 248 B.R. 79, 86 (Bankr. W.D. Tex. 2000) (noting that defendant could have moved to reopen closed bankruptcy case to accomplish the removal within the Rule 9027 deadline); In re Iannacone, 21 B.R. 153, 155 (Bankr. D. Mass. 1982) (removal is not possible absent a reopening); In re McNeil, 13 B.R. 743, 747 (Bankr. S.D.N.Y. 1981) (removal may only be had during the pendency of a bankruptcy case).

A bankruptcy court may remand a removed action sua sponte. AEG Liquidation Tr. on behalf of Am. Equities Grp., Inc. v. Toobro N.Y. LLC (In re Am. Equities Grp., Inc.), 460 B.R. 123, 128 (Bankr. S.D.N.Y. 2011).

Given that the bankruptcy case was closed, the bankruptcy court did not abuse its discretion in remanding the removed action.[3]  Debtor does not address the propriety of the bankruptcy

---

[3]Even if the bankruptcy case had been open, Debtor's notice of removal would have been untimely.  Debtor states in paragraph 2 of her notice of removal that she received a copy of the summons and complaint on August 6, 2016.  Under Rule 9027, she would have had no more than 30 days after that to file her notice of removal.  She did not file the notice of removal until December 12, 2016, more than three months after she received the
(continued...)

court's remand order in her opening brief. Rather, she cites the July 29, 2016 order denying her motion to reopen and the October 28, 2016 order denying her motion for reconsideration, and she seems to be arguing that the bankruptcy court erred in not giving her an opportunity to present her claims. However, these matters have been finally disposed and bear no relation to the order from which Debtor appeals. In short, Debtor has presented no basis for the Panel to find error in the bankruptcy court's remand order.

## CONCLUSION

For these reasons, we AFFIRM.

---

[3](...continued)
summons and complaint.

Also, it is difficult to imagine on what basis the bankruptcy court could have exercised jurisdiction to hear the unlawful detainer action.